UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL HOOTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00889-TWP-MPB |
| ) | |
| CORIZON LLC, PAUL TALBOT Doctor, in ) | |
| his individual capacity as Health Care Provider ) | |
| for the Indiana Department of Correction, ) | |
| JAMIE THOMAS, LPN, in her individual ) | |
| capacity as a nurse for the Pendleton ) | |
| Correctional Facility, ) | |
| ) | |
| Defendants. ) | |

**ENTRY DENYING MOTION FOR COUNSEL
AND GRANTING MOTION FOR EXTENSION OF TIME**

This matter is before the Court on pending motions which shall be addressed in tun.

**I. Motion for Assistance Recruiting Counsel**

The Plaintiff's Motion to Appoint Counsel [dkt. 22] has been considered.

"When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert. denied*, 114 S. Ct. 438 (1993). Here, the plaintiff asserts that he has been unsuccessful in recruiting representation on his own. Although the Court concludes, based on the above filing, that the plaintiff has made a reasonable effort to secure representation, for now, he should continue his own effort.

The court proceeds to the second inquiry required in these circumstances. The court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655.

The plaintiff states that he can read and write and has his GED. The barriers he faces to unlimited access to legal materials are barriers faced by nearly every incarcerated individual. In addition, the issue raised in the defendants' motion for summary judgment, (that is, the plaintiff's alleged failure to exhaust his available administrative remedies) is not complex. Accordingly, based on the plaintiff's comprehensible filings, his use of the court's processes, his familiarity with the factual circumstances surrounding his attempts to exhaust his administrative remedies and his legal claims, the plaintiff is competent to litigate on his own.

The court will, however, be alert to the possibility of recruiting representation for the plaintiff at trial or at other points in the case where the plaintiff's incarceration and *pro se* status would make it particularly difficult for him to proceed without representation and to the possibility at those points where the assistance of counsel would be a benefit of both the plaintiff and the court in the presentation of the case. For the reasons stated herein, the plaintiff's motion for appointment of counsel [dkt. 22] is **DENIED**.

## II.  Motion for Extension of Time

The plaintiff's motion for an extension of time [dkt. 29] is **granted.** The plaintiff shall have **through September 23, 2016**, in which to file his response to the defendants' motion for summary judgment.

**IT IS SO ORDERED.**

Date: 8/26/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

MICHAEL HOOTEN
988796
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064