UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL HOOTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16-cv-00889-TWP-MPB |
| | ) |
| CORIZON LLC, PAUL TALBOT Doctor, in his individual capacity as Health Care Provider for the Indiana Department of Correction, JAMIE THOMAS, LPN, in her individual capacity as a nurse for the Pendleton Correctional Facility, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**Entry Denying Post Judgment Motion**

This action was dismissed after the Court held that plaintiff Michael Hooten failed to exhaust his administrative remedies prior to filing this civil action. Final Judgment was entered on January 4, 2017. Now before the Court is Mr. Hooten's motion to reconsider filed on November 14, 2017. Mr. Hooten requests that this Court vacate its prior ruling "and allow [Mr. Hooten] to tender additional arguments and pleadings" to show that Indiana Department of Correction facilities sabotage offenders' filings of appeals and grievances. Dkt. 36 at 3.

This motion is understood to be brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano,* 657 F.3d 586, 589 (7th Cir. 2011). Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b).

Mr. Hooten's motion must be denied. This Court made a proper ruling in considering the defendants' affirmative defense of exhaustion. Mr. Hooten argues that Ms. Camay Francum, a non-party, falsified her declaration to support the defendants' defense. However, Mr. Hooten presents no evidence that the declaration provided false information. In addition, Mr. Hooten previously argued this point in his response to the motion for summary judgment.

Mr. Hooten also asks this Court to take judicial notice of state court records created after this action was dismissed that suggest that other offenders' efforts to utilize the grievance process have been obstructed by Department of Correction employees. The experiences of other inmates is not newly discovered evidence that is relevant to the resolution of the defendants' affirmative defense in this case. The issue raised in this action was whether Mr. Hooten exhausted his available administrative remedies prior to filing his civil action. This Court held that the defendants met their burden to demonstrate that Mr. Hooten failed to exhaust all available administrative remedies before he filed this suit. Even if evidence that other inmates were unable to complete the grievance process had been considered at summary judgment, this evidence would not create a material fact in dispute regarding what administrative remedies were available to Mr. Hooten.

Accordingly, this action was properly dismissed without prejudice and the motion to reconsider, dkt [36], is **denied.**

**IT IS SO ORDERED.**

Date: 2/26/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and to:

MICHAEL HOOTEN
988796
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant - Court only